S. Peter Serrano
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL AVILEZ ESPINOZA,<br><br>Defendant. | Case No.: 2:23-CR-030-TOR<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through S. Peter Serrano, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits this memorandum setting forth the government's position at sentencing. Consistent with the Plea Agreement (ECF No. 61), the government recommends that the Court sentence the defendant to a term of imprisonment of 23 years, followed by at least a 10-year term of supervised release, in the above-captioned case.

Gov.'s Sentencing Memorandum – 1

# INTRODUCTION

Defendant produced videos of he and 12-year-old Minor Victim S engaged in sexual intercourse and solicited and received nude images of Minor Victim S. ECF No. 61 at 7-8. Defendant also produced videos of he and 16-year-old Minor Victim H engaged in sexual intercourse and solicited and received child pornography images of Minor Victim H. *Id*. at 8. These videos and images, and related communications with both minor victims, were found in Defendant's Facebook account data. *Id*. at 7-8. For this criminal conduct, the parties have agreed to jointly recommend a prison sentence within a range of 15 to 23 years, followed by at least a 10-year term of supervised release. *Id*. at 10-11.

The Court may impose up to a $250,000 fine per count, as well as special assessments under 18 U.S.C. §§ 2259A, 3013, and 3014(a)(4). ECF No. 64 at ¶¶ 204-207.

The United States agrees with the procedural history and offense conduct detailed in paragraphs one through 35 of the initial Presentence Investigation Report (hereinafter "PSR"). ECF No. 64. Defendant filed an objection to the offense level calculations, specifically to application of a four-level enhancement under USSG § 2G2.1(b)(4). The Court should overrule the objection. However, the Court's ruling on the objection does not affect the government's recommended sentence.

# LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

# SENTENCING CALCULATION AND IMPOSITION OF SENTENCE

## I. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

Gov.'s Sentencing Memorandum – 3

A.   Offense Level Calculation

The PSR correctly calculated the defendant's total offense level, including a four-level enhancement as to Count 2, as 43. PSR ¶ 48. Defendant has objected to that enhancement, on the grounds that the recordings of Defendant's sexual conduct with Minor Victim H do not depict anal penetration or pain or suffering on Minor Victim H's face. ECF No. 67 at 2-3.

When forensically interviewed, Minor Victim H described the third encounter with Defendant as "a lot rougher." PSR ¶ 33. She described asking Defendant not to engage in anal sex but him doing it anyway, causing her "so much pain [she] couldn't feel which hole he was in." *Id*. From Minor Victim H's description of this encounter and the recording of the encounter, the Court can conclude the material depicts anal penetration of Minor Victim H and that such actions caused Minor Victim H significant pain, enough to qualify the conduct as sadistic or masochistic under U.S.S.G. § 2G2.2(b)(4). Accordingly, the Court should overrule Defendant's objection.

B.   Criminal History Calculation

The PSR correctly calculated the defendant's criminal history category as Category III. PSR ¶ 126.

Gov.'s Sentencing Memorandum – 4

      C.    <u>Advisory Guideline Range</u>

Based upon a total offense level of 43 and a criminal history category of III, the advisory guideline imprisonment range is life. PSR ¶ 194. That range adjusted by the statutory maximum is 360 months as to each count. *Id*. Defendant has objected to this calculation. ECF No. 67 at 3. The Court's ruling on the objection does not affect the government's recommended sentence.

The Guidelines further recommend a life term of supervised release. USSG § 4B1.5 n.5(A) (recommending the statutory maximum term of supervised release for offenders sentenced under §4B1.5).

**II.**    <u>**Departures**</u>

The United States does not recommend a departure from the advisory guideline range. The United States does recommend, however, a variance in this case, to a sentence of 23 years, consistent with the Plea Agreement.

**III.**    <u>**Imposition of a Sentence under 18 U.S.C. § 3553**</u>

      A.    <u>18 U.S.C. § 3553(a) factors</u>

      1.    <u>The nature and circumstances of the offense</u>

The nature and circumstances of Defendant's offenses warrant a sentence of to a term of imprisonment of 23 years in custody, to be followed by at least a ten-year term of Supervised Release

Gov.'s Sentencing Memorandum – 5

Defendant sought out and engaged in sex acts with both minor victims, one when she was 12 and 13 years old, and the other when she was 16 years old. Defendant recorded these sex acts with both, paid both, and solicited sexually exploitative pictures from both. Defendant met with Minor Victim S nine times over the course of approximately four months to engage in sexual intercourse. PSR ¶ 17. On one occasion with Minor Victim S, Defendant told her he knew her real age and that he had sex with 13 – 15-year-olds. PSR ¶¶ 27. Defendant met with Minor Victim H three times. PSR ¶¶ 28, 30 – 34. The child pornography files were found in Defendant's Facebook account data, including the messaging application (app). PSR ¶¶ 17, 23-26. Regardless of whether or not the Court applies an enhancement based on sadistic or masochistic conduct, the facts and circumstances as to Defendant's exploitation of both victims support a 23-year sentence.

2.  The history and characteristics of the defendant

Defendant's history and characteristics also support a 23-year sentence and at least a 10-year term of supervised release. Defendant's criminal history dates back to the age of 10. PSR ¶ 74. He began accruing adult criminal convictions by the age of 17. PSR ¶ 104. Defendant clearly has little to no regard for the law. Worse, he has no problem taking advantage of others, including two young victims already dealing with tragic life circumstances, to further his own interests.

Gov.'s Sentencing Memorandum – 6

3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

Crimes involving the sexual exploitation of a minor child are among the most serious and reprehensible crimes that can be committed. Defendant victimized two vulnerable minors and shared such exploitation across the internet through the social media platform of Facebook. Defendant also expressed predatory behaviors by using dating apps such as "Meet Me" to engage with minors. Even if labelled a "sex addict," willing to have sex with any number of people both adults and minors, Defendant is not any less dangerous to minors by virtue of an addiction. A prison sentence of 23 years and at least a 10-year term of supervised release recognizes this, promotes respect for the law, and is just punishment.

4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

A prison sentence of 23 years at least a 10-year term of supervised release also protects the public and serves the goal of general and specific deterrence.

5. <u>The kinds of sentences available</u>

Pursuant to the Rule 11(c)(1)(C) Plea Agreement, if accepted by the Court, the Court may sentence Defendant to a term of prison within the agreed range of 15 to 23 years, followed by a term of supervised release of at least 10 years. ECF No. 61. Additional fines and special assessments apply.

Gov.'s Sentencing Memorandum – 7

### 6. The established sentencing range

The United States submits that the advisory guideline imprisonment range is 720 months, based upon a total offense level of 43 and a criminal history category of III. PSR ¶ 194. The United States nevertheless recommends a variance to a term of 23 years, consistent with the Plea Agreement.

### 7. The need to avoid unwarranted sentence disparities

The United States' recommended sentence does not result in an unwarranted sentencing disparity.

### 8. The need to provide restitution to any victims of the offense

Both statute and the Plea Agreement require restitution be paid in an amount of not less than $3,000 per victim. As of the filing of this Memorandum, the United States is unaware of any request for restitution having been submitted.

### B. Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). It remains, however, that "the Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id*. at 108-09 (internal quotation marks omitted).

Gov.'s Sentencing Memorandum – 8

Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The government acknowledges that a recommendation of 23 years represents a variance in this case. The government submits that the variance is supported by the facts and circumstances of this case. The government further submits that the government's recommendation that the 23-year prison term be followed by at least a 10-year term of supervised release presents a complete sentence that satisfies the goals of sentencing.

### IV. $5,000 Special Assessment of the JVTA

The United States seeks the imposition of a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). Assessments paid under the JVTA are deposited into the Domestic Trafficking Victims Fund for grants to enhance programs that assist trafficking victims and provide services for victims of child pornography.

Under the JVTA, the Court "shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under ... (3) chapter 110 (relating to sexual exploitation and other abuse of children)." 18 U.S.C. § 3014(a)(3). In imposing a JVTA assessment, the non-indigency of a defendant is the governing deliberation and the statute does not require the court to consider the factors

Gov.'s Sentencing Memorandum – 9

Case 2:23-cr-00030-TOR    ECF No. 68    filed 09/26/25    PageID.279    Page 10 of 14

enumerated in 18 U.S.C. § 3572 with respect to the entry of a non-JVTA fine. *See generally* 18 U.S.C. § 3014 (no reference to or requirement upon the court to evaluate the 18 U.S.C. § 3572 factors when imposing a JVTA assessment).

Whether a defendant is non-indigent for the purposes of a JVTA assessment is determined not by a static snapshot of a defendant's financial condition at the time of sentencing, but instead should be based on considerations of a defendant's current and future financial condition.

> [A] district court must resolve two basic questions in assessing the defendant's indigency: (1) Is the defendant impoverished now; and (2) if so, does the defendant have the means to provide for himself so that he will not always be impoverished?
>
> …
>
> Because the defendant's obligation to pay persists for at least twenty years after his sentencing, it would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing. That snapshot in time may not accurately represent the defendant's condition five, ten, or twenty years after sentencing. Rather, the defendant's employment prospects and earnings potential are probative of his ability to pay the assessment—and are fair game for the court to consider at sentencing.

*United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019)

In this matter, Defendant is non-indigent for the purposes of imposing a JVTA assessment. The fact that defense counsel is appointed is not dispositive. *See Shepherd*, 922 F.3d at 759 (fact that defendant is represented by appointed counsel is "probative but not dispositive" of indigence under § 3014, because indigence is

Gov.'s Sentencing Memorandum – 10

not the standard for appointment of counsel). Defendant is capable of employment upon his release from prison. The government submits that Defendant is not indigent for purposes of the JVTA due to this and his expected Bureau of Prisons financial responsibility earnings during his period of incarceration.

A typical judgment imposing a monetary penalty requires a defendant to participate in the Bureau of Prison's Inmate Financial Responsibility Program and pay $25 per quarter towards any outstanding monetary penalty. With 23 years of incarceration, the Defendant could pay $2,300 through the IFRP by the time he is released to supervised release.

Rather than request a fine, the government respectfully requests the Court impose the JVTA special assessment.

## V.     $50,000 Special Assessment of the AVAA

As there is presently no request for restitution, the United States requests imposition of an assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA). Assessments paid under the AVAA are deposited into the Child Pornography Victims Reserve, which funds are available to victims in partial or full satisfaction of their restitution claims. 18 U.S.C. §§ 2259B(b), 2259(d). "It is the intent of Congress that victims of child pornography be compensated for the harms resulting from every perpetrator who contributes to their anguish. Such an aggregate causation standard reflects the nature of child

Gov.'s Sentencing Memorandum – 11

pornography and the unique ways that it actually harms victims." AVAA, PL 115-299, December 7, 2018, 132 Stat 4383.

Under the AVAA, the Court shall assess not more than $50,000 on any person convicted of production of child pornography. 18 U.S.C. § 2259A(a)(1). This assessment is "in addition to any other criminal penalty, restitution, or special assessment authorized by law." § 2259A(a). Imposition of an AVAA assessment "does not relieve a defendant of, or entitle a defendant to reduce the amount of, any other penalty by the amount of the assessment." 18 U.S.C. § 2259A(2).

In determining the amount of AVAA assessment to impose, the Court shall "consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c). These factors include, in addition to the 3553(a) factors discussed above:

(1) The defendant's income, earning capacity, and financial resources;
(2) The burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially depending on the defendant, relative to the burden that alternative punishments would impose;
(3) Any pecuniary loss inflicted upon others as a result of the offense;
(4) Whether restitution is ordered or made and the amount of such restitution;
(5) The need to deprive the defendant of illegally obtained gains from the offense;
(6) The expected costs to the government of any imprisonment, supervised, release, or probation component of the sentence; [and]

Gov.'s Sentencing Memorandum – 12

(7) Whether the defendant can pass on to consumers or other persons the expense of the fine.

18 U.S.C. § 3572(a).

Here, as discussed above, Defendant has the capacity for future earnings through participation in the Bureau of Prison's Inmate Financial Responsibility Program. Although Defendant will be approximately 23 years older when released from prison, there is nothing to suggest he will not be capable of some form of employment at that time.

## **CONCLUSION**

Application of 18 U.S.C. § 3553 supports a sentence of 23 years, followed by a 10-year term of supervised release for Defendant's commission of the crimes of production of child pornography. The government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted: September 26, 2025.

    S. Peter Serrano
    United States Attorney

    *s/ Ann T. Wick*
    Ann T. Wick
    Assistant United States Attorney

Gov.'s Sentencing Memorandum – 13

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

Gov.'s Sentencing Memorandum – 14